UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-48-GWU

DARRELL G. LUTTRELL,                                                             PLAINTIFF,

VS.                                      **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

## INTRODUCTION

Darrell Luttrell brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

08-48 Darrell G. Luttrell

>    Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would

08-48 Darrell G. Luttrell

have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not

4

08-48  Darrell G. Luttrell

form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

08-48 Darrell G. Luttrell

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Luttrell, a 44-year-old former machine operator with a "limited" education, suffered impairments related to a history of tension headaches, chronic low back pain secondary to bulging

lumbar disc and obesity. (Tr. 21, 29). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 26-27). Since the claimant was found able to return to his past relevant work, he could not be considered totally disabled. (Tr. 30-31).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Luttrell could return to his past relevant work, the ALJ relied heavily upon the opinion of Joyce Forrest, a Vocational Expert. The hypothetical question presented by the ALJ included an exertional limitation to medium level work restricted from a full range by such non-exertional limitations as (1) an inability to ever climb ladders, ropes or scaffolds; (2) a need to avoid concentrated exposure to full body vibration; (3) a need to avoid all exposure to hazards such as unprotected heights or dangerous machinery; and (4) an inability to drive commercial vehicles. (Tr. 400). In response, Forrest testified that Luttrell's past work as a machine operator could still be done as performed in the national economy. (Id.). As an alternative, the witness also identified a significant number of other jobs which could still be performed as well. (Tr. 401-402). Therefore, assuming that the vocational factors considered by the expert fairly characterized

08-48  Darrell G. Luttrell

the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly depicted Luttrell's condition as required by Varley.  Dr. Rami Kahwash examined the plaintiff and found "no physical evidence for significant restriction in the patient's tolerance for stooping, bending, reaching, sitting, standing, moving about, lifting, carrying, handling objects or traveling."  (Tr. 258).  The ALJ's findings were consistent with this opinion.  Dr. Amanda Lange (Tr. 260-269) and Dr. Timothy Gregg (Tr. 273-281), the non-examining medical reviewers, each opined that the claimant would be limited to medium level work restricted from a full range by an inability to climb ladders, ropes and scaffolds as well as a need to avoid exposure to hazards.  These restrictions were presented in the hypothetical question given to the vocational expert.  The undersigned notes that Dr. Veronica Vasicek, a treating physician at Bluegrass Orthopedics, released the plaintiff to return to work on October 14, 2005 (Tr. 284), only one month before his alleged onset date of November 18, 2005 (Tr. 77).  Such treating and examining sources as Dr. Rondal Goble (Tr. 206-226), the staff at the Lexington Diagnostic Center (Tr. 227-232), the staff at Associates in Neurology (Tr. 233-255), the staff at Samaritan Hospital (Tr. 282), and the staff at Northside Family Medicine (Tr. 304-309) did not identify the existence of more severe functional limitations than those

08-48  Darrell G. Luttrell

found by the ALJ.  These records provide substantial evidence to support the administrative decision.

Dr. Peter Wright, a treating source, completed a Medical Source Statement of Ability to do Work-Related Activities upon which he identified a number of very severe functional restrictions including an inability to either sit or stand/walk for more than two hours a day each.  (Tr. 346-351).  Forrest testified that such restrictions would preclude performance of all work activity.  (Tr. 405).  The ALJ noted a number of reasons why this opinion was not entitled to controlling weight, including (1) MRI scans of the claimant's thoracic, cervical and lumbar regions showing largely unremarkable findings with only slight disc bulging and no stenosis or herniated nucleus pulposus; (2) the normal physical examination findings made by Dr. Warren Chumley, a treating neurologist, at Bluegrass Orthopedics, and (3) an unremarkable MRI scan of the brain.  The court further notes that Dr. Kahwash also made a number of unremarkable findings, including no motor or cerebellar abnormalities, no sensory changes and no evidence of nerve root compression.  (Tr. 258).  Dr. Wright cited subjective pain complaints in support of his limitations.  Therefore, under these circumstances, the court finds no error.

Luttrell argues that the ALJ did not properly evaluate his subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

9

08-48  Darrell G. Luttrell

1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Luttrell was found to be suffering from a potentially painful condition.  However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs.  An MRI Scan of the cervical spine revealed only slight bulging at C5-C6.  (Tr. 227).  An MRI Scan of the lumbar spine revealed only mild bulging at L4-L5.  (Tr. 228).  Dr. Chumley reported normal sensory and motor function as well as full muscle strength.  (Tr. 234).  As previously noted, Dr. Kahwash reported a number of normal physical findings upon examination as well. (Tr. 258).  The plaintiff notes that Dr. Chumley made a number of diagnoses concerning his condition including atypical face pain, migraines with aura intractable and musculoskeletal back pain.  (Tr. 244).  However, the mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of

08-48 Darrell G. Luttrell

disabling pain. Therefore, the ALJ would appear to have properly evaluated Luttrell's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 5th day of November, 2008.

Signed By:

<u>G. Wix Unthank</u>

United States Senior Judge